IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT WELLS, ) | |
| ) | |
| Plaintiff, ) | Case No._____ |
| ) | |
| v. ) | |
| ) | **Jury Trial Demanded** |
| DELTA AIRLINES, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

Plaintiff **Robert Wells ("Plaintiff" or "Wells")** brings this civil rights action for relief and damages against Defendant **Delta Airlines, Inc. ("Defendant" or "Delta"),** based on the following factual allegations and causes of action.

## NATURE OF THE ACTION

1. This action to correct unlawful employment discrimination arises under the Americans with Disabilities Act of 1990 ("ADA"), as amended in 2008, 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. Wells alleges that Delta made the decision

1

to terminate his employment based on his disability and continuing need to take time off for medical reasons. He further alleges that he was terminated in retaliation for taking periodic medical leave. Plaintiff seeks back pay, front pay, and lost benefits. Additionally, Plaintiff seeks compensatory damages for emotional distress and mental anguish, as well as his attorneys' fees and costs of litigation.

## THE PARTIES

2. Plaintiff Wells is a resident of the state of Georgia, and during the time of the relevant events alleged in this Complaint, he was employed by Delta at Hartsfield-Jackson International Airport in Atlanta, Georgia.

3. Delta, a Georgia-based company, is a covered entity under the ADA in that during all relevant times it had more than 15 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. 42 U.S.C.A. § 12111(5)(A); 42 U.S.C.A. § 2000e-(b).

4. Delta is a covered employer under the FMLA in that it is engaged in an industry affecting commerce and has had more than 50 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. 29 C.F.R. § 825.104(a).

2

## PERSONAL JURISDICTION

5. Delta is subject to service through its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092, Gwinnett County, Georgia.

## SUBJECT-MATTER JURISDICTION AND VENUE

6. Jurisdiction of this court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343.

7. Venue is proper in this district and division under 28 U.S.C.A. § 1391(b)(1)-(2), as Defendant resides in and conducts business in this district and division and the acts or omissions giving rise to the claim occurred in the same venue.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Wells filed a charge of discrimination and retaliation against Delta with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 410-2024-01833, on November 15, 2023. A copy is attached as Exhibit A.

9. Wells subsequently received a right-to-sue letter from the EEOC on July 29, 2024. A copy is attached as Exhibit B.

10. Wells timely files his ADA claims within 90 days of receiving his right-to-sue letter, and all administrative remedies have been exhausted prior to the filing of this civil action.

## FACTUAL ALLEGATIONS

11. Delta is a for-profit global airline company headquartered in Atlanta, Georgia.

12. Wells was employed by Delta as a Ramp Agent from on or about September 7, 1999, until the time of his termination on June 19, 2023.

13. As a Ramp Agent Wells' responsibilities included transferring baggage from the boarding gate to departing flights and assisting with the weight calculation process necessary for flight clearance.

14. Wells is an individual with a disability as defined by the ADA, as he suffers from numerous health conditions, including recurring pulmonary embolisms.

15. In 2014, Wells suffered from numerous gunshot wounds in an assault, resulting in recurring pulmonary embolisms.

16. In 2020, Wells had a heart attack and also contracted COVID-19, necessitating medical leave for the remainder of that year.

4

17. In 2021, Wells suffered a pulmonary embolism, and due to complications from that embolism, he missed another six months of work.

18. In 2022, Wells was diagnosed with a recurring embolism that required him to take another approximately 6 months off from work.

19. In April 2023, Wells was diagnosed with a blood clot, which again necessitated him taking medical leave, initially scheduled to end in June 2023.

20. Wells was approved for and took FMLA leave for his health conditions when he had available FMLA leave time; he took short-term disability and/or long-term disability, or personal vacation and/or PTO time, when he did not have remaining FMLA leave time.

21. Wells' prolonged periods of medical leave and medical absences have been the subject of negative comments from several of Delta's supervisors and other personnel, including comments related to difficulty in scheduling him because "nobody knows when [he is] going to be off."

22. Wells has been denied routine vacation time on the grounds that he has already been out for long periods of time.

23. Because of understaffing throughout the COVID-19 pandemic, Delta informed Wells that he needed to use his remaining FMLA time to take

5

vacation or personal time, knowing that he may need that FMLA time for his serious medical conditions.

24.     In early 2023, Delta began participating in a new program developed by the Transportation Security Administration ("TSA") called RAP Back (Record of Arrests and Prosecutions Back).

25.     Under this program, Wells' fingerprints were used to do a retrospective analysis of old arrests and/or criminal charges Delta's employees may have received since their hiring.

26.     In February 2023, Wells was informed by Delta's employee relations department that two incidents had been flagged for him: a missed court date in 2003 for a speeding ticket where his license was subsequently but briefly suspended and in 2015 when his license was again temporarily suspended after falling behind on child support payments when Delta was only paying sixty percent of his salary because he was on disability leave.

27.     Delta informed Wells that it was opening an inquiry into his license history.

28.     On April 2, 2023, Wells was subsequently told that the inquiry was ongoing and would be presented to an internal committee for a final

6

determination.

29. While the investigation was pending, Wells went out on medical leave for a blood clot.

30. In June 2023, Wells' doctor directed him to extend his medical leave through September 2023, and Wells submitted the necessary paperwork to Delta for that extension.

31. While waiting for the extension to be approved, Wells returned to work on June 18, 2023, as that was his original return-to-work date, and he did not want to risk being absent after his original leave period expired.

32. The very next day, on June 19, 2023, Wells was notified that he was being terminated "for security reasons."

33. It was well known amongst Delta employees that RAP Back was being used by the company to weed out undesirable employees.

34. Delta knew that Wells was on medical leave and had requested an extension of that leave when it terminated his employment.

35. Delta violated the ADA and the FMLA when it terminated Wells' employment for his chronic and ongoing medical issues and his need to take

medical leave.

36. Upon information and belief, there are a number of Delta employees who were involved in more significant criminal matters than Wells who were not terminated under the RAP Back program.

37. Further, under Delta's typical protocols, Wells should have been given a chance to defend an adverse finding during any internal investigation, but Delta did not give him that chance.

38. Wells' unlawful termination deprived him of income and health insurance benefits critical to him given his medical conditions, causing him to incur mental anguish and emotional distress.

## COUNT I
**(Discriminatory termination in violation of the ADA, 42 U.S.C.A. § 12112(a))**

39. Plaintiff Wells incorporates by reference the preceding paragraphs of this complaint 1-38 as though set forth fully and separately herein.

40. Plaintiff Wells at all times relevant to this Complaint was a person with an ADA-qualifying disability in that he suffered from recurring pulmonary embolisms that necessitated periodic medical leave.

41. Defendant Delta's termination of Plaintiff Wells as he was

8

awaiting word on an extension of his medical leave reflected discrimination based on his disability.

42. As a result of Delta's discriminatory conduct, Plaintiff Wells has suffered monetary damages, including but not limited to back pay and front pay; loss of future benefits; and noneconomic damages including emotional distress, humiliation, embarrassment, and mental anguish. Plaintiff has also been made to bear the costs of litigation and attorneys' fees.

## COUNT II
**(Retaliation in violation of the ADA, 42 U.S.C.A. 12203)**

43. Plaintiff Wells incorporates by reference the preceding paragraphs of this complaint 1-38 as though set forth fully and separately herein.

44. Plaintiff Wells engaged in protected activity under the ADA by making taking medical leave for his qualifying disability.

45. Defendant Delta retaliated against Plaintiff Wells for engaging in protected activity by terminating his employment.

46. As a result of Defendant Delta's retaliatory conduct, Plaintiff Wells has suffered monetary damages, including back pay and front pay; loss of future benefits; and noneconomic damages, including emotional distress, humiliation, embarrassment, and mental anguish.

## COUNT III

**(Retaliation in violation of the FMLA, 29 U.S.C.A. § 2615 (a)(2))**

47. Plaintiff Wells incorporates by reference the preceding paragraphs of this complaint 1-38 as though set forth fully and separately herein.

48. Plaintiff Wells exercised his lawful rights under the FMLA by seeking and taking periods of medical leave during his employment with Defendant Delta.

49. Defendant Delta subsequently terminated Plaintiff Wells for exercising his rights to seek and take FMLA leave

50. As a direct and proximate result of Defendant Delta's wrongful acts and omissions, Plaintiff Wells has suffered past and lost wages and benefits.

51. Defendant Delta's conduct reflects knowing or reckless disregard for the scope of Plaintiff's FMLA rights, and he is therefore entitled to recover liquidated damages.

### PRAYER FOR RELIEF

Wherefore, based on the above-stated claims, Plaintiff Wells demands a trial by jury and that the following relief be granted:

A. Back pay, front pay, and lost benefits;

B. Compensatory damages under the ADA to the extent allowed by law;

C. Liquidated damages under the FMLA to the extent allowed by law:

D. Attorneys' fees and costs of litigation;

E. Pre-judgment and post-judgment interest at the highest lawful rate; and

F. Such other equitable and monetary relief as the court deems just and proper.

Respectfully submitted this 28th day of October 2024.

**HKM Employment Attorneys LLP**
*s/Jerilyn E. Gardner*
Jerilyn E. Gardner
Georgia Bar No. 139779
3344 Peachtree Rd. NE, Suite 800
Office #35
Atlanta, GA 30326
Direct: 404-446-9544
jgardner@hkm.com

**Counsel for Plaintiff Robert Wells**

11